UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

KAHREEM PERRY,

                Plaintiff,

-against-

GLENN F. HARDY; NORMAN WILLIAMS,

                Defendants.

25-CV-3314 (KMW)

ORDER OF DISMISSAL

KIMBA M. WOOD, United States District Judge:

        Plaintiff, who is currently incarcerated at Cayuga Correctional Facility, brings this *pro se* action under 42 U.S.C. § 1983 and § 1985, alleging that Defendants conspired to violate his federally protected rights.  By Order dated April 30, 2025, ECF No. 5, the Court granted Plaintiff's request to proceed *in forma pauperis* ("IFP"), that is, without prepayment of fees.[1] The Court dismisses the complaint for the reasons set forth below.

## STANDARD OF REVIEW

        The Court must dismiss an IFP complaint, or any portion of the complaint, that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915(e)(2)(B); *see Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998).  The Court must also dismiss a complaint when the Court lacks subject matter jurisdiction over the claims raised.  *See* Fed. R. Civ. P. 12(h)(3).

---

[1] Prisoners are not exempt from paying the full filing fee even when they have been granted permission to proceed IFP.  *See* 28 U.S.C. § 1915(b)(1).

Although the law mandates dismissal on any of these grounds, the Court is obligated to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and to interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (per curiam) (internal quotation marks and citations omitted) (emphasis in original). But the "special solicitude" courts provide to *pro se* litigants, *id*. at 475 (citation omitted), has its limits –- to state a claim, *pro se* pleadings still must comply with Rule 8 of the Federal Rules of Civil Procedure, which requires a complaint to make a short and plain statement showing that the pleader is entitled to relief. Fed. R. Civ. P. 8(a)(2).

Rule 8 requires a complaint to include enough facts to state a claim for relief "that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible if the plaintiff pleads enough factual detail to allow the Court to draw the inference that the defendant is liable for the alleged misconduct. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). In reviewing the complaint, the Court must accept all well-pleaded factual allegations as true, but it need not accept as true "[t]hreadbare recitals of the elements of a cause of action," which are essentially just legal conclusions. *Id*. at 678-79. After separating legal conclusions from well-pleaded factual allegations, the Court must determine whether those facts make it plausible –- not merely possible –- that the pleader is entitled to relief. *Id.* at 679.

## BACKGROUND

The following facts are drawn from the complaint.[2] In October 2021, Plaintiff was arrested and charged with first-degree robbery, first-degree burglary, and fourth-degree criminal

---

[2] The Court quotes from the complaint verbatim. All spelling, grammar, and punctuation are as in the original unless noted otherwise.

possession of a controlled substance. (ECF 1 at 8.) The named Defendants, Norman Williams and Glenn Hardy, were at different times assigned to represent Plaintiff in the criminal proceedings stemming from that arrest. (*Id.*) Plaintiff recounts numerous ways in which Defendants provided him with ineffective assistance of counsel. (*Id.* at 8-35.) Plaintiff further alleges that Defendant Hardy "colluded with" Assistant District Attorney Barbour to violate his constitutional rights, demonstrated by the fact that on several occasions, Hardy referred to Barbour during the proceedings as his "colleague." Plaintiff asserts that Defendants violated his rights to due process and equal protection, and maliciously prosecuted him. (*Id.* at 35-37.) He asserts claims under 42 U.S.C. §§ 1983 and 1985 and seeks money damages (*Id.* at 39.) Attached to the complaint are more than 100 pages of transcript from the state court criminal proceedings, as well as part of an affidavit in support of a search warrant. (*Id.* at 41-185.)

Plaintiff has an existing complaint before this court alleging false arrest, based on the same arrest as the instant complaint. *See Perry v. Vega* No. 22-CV-5813 (JHR) (SN) (S.D.N.Y. filed July 5, 2022.)[3]

## DISCUSSION

**A.    Claims under 42 U.S.C. § 1983**

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege that: (1) a right secured by the Constitution or laws of the United States was violated, and (2) the right was violated by a person acting under the color of state law, or a "state actor." *See West v. Atkins*, 487 U.S. 42, 48-49 (1988). "The traditional definition of acting under color of state law requires that the

---

[3] That matter is currently stayed pending the outcome of Plaintiff's state criminal appeal. ECF 75.

defendant . . . exercise[ ] power possessed by virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law." *Id.* at 49 (internal quotation marks and citation omitted). "Because the United States Constitution regulates only the Government, not private parties, [with respect to a claim brought under Section 1983,] a litigant claiming that his constitutional rights have been violated must first establish that the challenged conduct constitutes state action." *Flagg v. Yonkers Sav. & Loan Ass'n*, 396 F.3d 178, 186 (2d Cir. 2005) (internal quotation marks and citation omitted). Private parties generally are not state actors, and therefore are not usually liable under Section 1983. *Sykes*, 723 F.3d at 406 (quoting *Brentwood Acad. v. Tenn. Secondary Sch. Athletic Ass'n*, 531 U.S. 288, 295 (2001)).

A private party's actions can be considered state action in three situations: (1) when the private party acts using the coercive power of the state or is controlled by the state (the "compulsion test"); (2) when the private party willfully participates in joint activity with the state or its functions are entwined with state policies (the "joint action" or "close nexus" test); or (3) when the state has delegated a public function to the private party (the "public function" test). *See Fabrikant v. French*, 691 F.3d 193, 207 (2d Cir. 2012) (citation omitted). The fundamental question under each test is whether the private party's challenged actions are "'fairly attributable'" to the State. *Id.* (quoting *Rendell-Baker v. Kohn*, 457 U.S. 830, 838 (1982)). "[A] State normally can be held responsible for a private decision . . . when it has . . . provided such significant encouragement, either overt or covert, that the choice must in law be deemed to be that of the State." *Blum v. Yaretsky*, 457 U.S. 991, 1004 (1982). The State's "[m]ere approval of or acquiescence in the initiatives of a private party[,] [however,] is not sufficient to justify holding the State responsible for those initiatives." *Id.* at 1004-05.

4

Absent special circumstances suggesting concerted action between an attorney and a state representative, *see Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 152 (1970), a private attorney's legal representation of a private person, however, does not constitute state action for the purpose of stating a claim under Section 1983 against that attorney, regardless of whether that attorney is privately retained, court-appointed, or employed as a public defender, *see Bourdon v. Loughren*, 386 F.3d 88, 90 (2d Cir. 2004) (citing *Polk Cnty. v. Dodson*, 454 U.S. 312, 318-19 (1981), and *Rodriguez v. Weprin*, 116 F.3d 62, 65-66 (2d Cir. 1997)); *see also Shorter v. Rice*, No. 12-CV-0111, 2012 WL 1340088, at *4 (E.D.N.Y. Apr. 10, 2012) ("[I]t is axiomatic that neither public defenders, such as Legal Aid attorneys, nor court-appointed counsel, nor private attorneys, act under the color of state law merely by virtue of their position.").

To state a claim of conspiracy under Section 1983, a plaintiff must show: "(1) an agreement between two or more state actors or between a state actor and a private entity; (2) to act in concert to inflict an unconstitutional injury; and (3) an overt act done in furtherance of that goal causing damages." *Pangburn v. Culbertson*, 200 F.3d 65, 72 (2d Cir. 1999). Vague and unsupported assertions of a conspiracy will not suffice to state a claim on which relief can be granted. *See, e.g., Stoner v. Young Concert Artists, Inc.*, 626 F. App'x 293, 296 (2d Cir. 2015) (summary order); *Wang v. Miller*, 356 F. App'x 516, 517 (2d Cir. 2009) (summary order); *Boddie v. Schnieder*, 105 F.3d 857, 862 (2d Cir. 1997); *Polur v. Raffe*, 912 F.2d 52, 56 (2d Cir. 1990).

Plaintiff does not allege facts showing that Defendants acted under color of state law while representing him in his criminal proceedings or that would suggest any conspiracy against him. Plaintiff alleges that Defendant Hardy "colluded" with ADA Barbour, but the sole allegation in the complaint to support this assertion is that Hardy referred to Barber as his

5

"colleague" during the state-court proceedings. The assertion that this reference evinces the existence of collusion or a conspiracy is vague and unsupported. During court proceedings, opposing counsel often refer to one another as "colleagues"—meaning fellow attorneys, not in any way suggesting that the opposing counsel are colluding. The Court therefore dismisses Plaintiff's claims under Section 1983 for failure to state a claim on which relief may be granted. *See* § 1915(e)(2)(B)(ii).

### B.  Claims under 42 U.S.C. § 1985(3)

The Court must dismiss Plaintiff's claims of conspiracy under 42 U.S.C. § 1985(3). To state such a claim, a plaintiff must allege facts suggesting the existence of: (1) a conspiracy; (2) for the purpose of depriving the plaintiff of the equal protection of the laws, or the equal privileges or immunities under the laws; (3) an overt act in furtherance of the conspiracy; and (4) an injury to the plaintiff's person or property, or a deprivation of his right or privilege as a citizen of the United States. *Thomas v. Roach*, 165 F.3d 137, 146 (2d Cir. 1999). "[T]he [Section 1985(3)] conspiracy must also be motivated by some racial or perhaps otherwise class-based, invidious discriminatory animus behind the conspirators' action." *Id.* (internal quotation marks and citation omitted).

As with claims of conspiracy under Section 1983, vague and unsupported assertions of a claim of conspiracy under Section 1985 will not suffice to state a claim upon which relief can be granted. *See, e.g.*, *Stoner*, 626 F. App'x at 296; *Wang*, 356 F. App'x at 517 (2d Cir. 2009).

As previously discussed, Plaintiff's allegations of a conspiracy or collusion between Hardy and the prosecutor are conclusory, vague, and without detail. Apart from the innocuous use of the word "colleague", Plaintiff provides no other facts to support claim of conspiracy. .

6

The Court therefore dismisses Plaintiff's claims of conspiracy under Section 1985 for failure to state a claim on which relief may be granted.  See § 1915(e)(2)(B)(ii).

**C.    Supplemental jurisdiction**

A district court may decline to exercise supplemental jurisdiction over state law claims when it "has dismissed all claims over which it has original jurisdiction."  28 U.S.C. § 1367(c)(3).  Generally, "when the federal-law claims have dropped out of the lawsuit in its early stages and only state-law claims remain, the federal court should decline the exercise of jurisdiction."  *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 (1988) *(*footnote omitted).  Having dismissed the federal claims over which the Court has original jurisdiction, the Court declines to exercise its supplemental jurisdiction over any state law claims Plaintiff may be asserting.  See *Kolari v. New York-Presbyterian Hosp.*, 455 F.3d 118, 122 (2d Cir. 2006) ("Subsection (c) of § 1367 'confirms the discretionary nature of supplemental jurisdiction by enumerating the circumstances in which district courts can refuse its exercise.'" (quoting *City of Chicago v. Int'l Coll. of Surgeons*, 522 U.S. 156, 173 (1997))).

## LEAVE TO AMEND

District courts generally grant a *pro se* plaintiff an opportunity to amend a complaint to cure its defects, but leave to amend is not required where it would be futile.  See *Hill v. Curcione*, 657 F.3d 116, 123–24 (2d Cir. 2011); *Lucente v. Int'l Bus. Machines Corp.*, 310 F.3d 243, 258 (2d Cir. 2002).  Because the defects in Plaintiff's complaint cannot be cured with an amendment, the Court declines to grant Plaintiff leave to amend his complaint.

**CONCLUSION**

Plaintiff's complaint, filed IFP under 28 U.S.C. § 1915(a)(1), is dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). The Court declines to exercise supplemental jurisdiction over any state-law claims Plaintiff may be asserting.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

The Court directs the Clerk of Court to enter judgment dismissing this case.

SO ORDERED.

Dated:   July 14, 2025
         New York, New York

                                                    /s/ Kimba M. Wood
                                                    KIMBA M. WOOD
                                                    Chief United States District Judge